IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DERRICK O'NEAL JAMES** | § | |
| | § | |
| **V.** | § | **A-14-CV-997-LY** |
| | § | **(A-13-CR-210(1)-LY)** |
| **UNITED STATES OF AMERICA** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Derrick O'Neal James' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on December 1, 2014 (Dkt. No. 117); and the Government's Response, filed on January 30, 2015 (Dkt. No. 125). O'Neal filed a Motion for Extension of Time to Reply on March 23, 2015 (Dkt. No. 126). The Court granted the Motion and gave James until April 27, 2015 to file a Reply.  It is now May, 1, 2015, and no reply has been filed.

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

On April 16, 2013, Movant Derrick O'Neal James ("James") was charged in a three-count indictment with: Conspiracy to Possess with Intent to Distribute more than 28 grams of Cocaine Base, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), and in violation of 21 U.S.C. § 846; Possession with Intent to Distribute Cocaine Base, a controlled substance, in

violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); and Felon in Possession of a Firearm, in

violation of 18 U.S.C. § 922(g)(1).

On November 6, 2013, James appeared before U.S. Magistrate Judge Andrew Austin and

entered a plea of guilty to count two of the indictment pursuant to a plea agreement.  On February

7, 2014, the District Court sentenced James to a 57-month term of imprisonment, followed by a

three-year term of supervised release, and ordered him to pay a $100 mandatory assessment.  James

did not take a direct appeal.  In his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28

U.S.C. § 2255, James asserts that his counsel provided ineffective assistance by failing to object to

the enhancement of his sentence through the application of U.S.S.G. § 2D1.1(b)(1).   The

enhancement was based on a handgun that was found concealed at his apartment during the

execution of a search warrant.

## II.  STANDARD OF REVIEW

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set

aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws

of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the

sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is

otherwise subject to collateral attack.  28 U.S.C. § 2255.  The nature of a collateral challenge under

§ 2255 is extremely limited:  "A defendant can challenge his conviction after it is presumed final

only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first

time on collateral review without showing both 'cause' for his procedural default, and 'actual

prejudice' resulting from the error."  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *cert.

denied*, 502 U.S. 1076 (1992).  If the error is not of constitutional or jurisdictional magnitude, then

the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).  As the Supreme Court has explained, the reason for these rules is that "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–688 (1984).  Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.  To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687.  The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688.  "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*

### III.  ANALYSIS

James argues that he was denied the effective assistance of counsel because his counsel failed to object to the U.S.S.G. § 2D1.1 two-level weapons enhancement.  James asserts that the Government failed to produce any evidence that James possessed the weapon found at his apartment during conduct associated with drug trafficking activities.  James points out that the Government failed to produce evidence that James used the gun during his arrest or during any of the controlled buys by confidential informants.  In his Petition, James acknowledges that the loaded gun was located in his bedroom closet during the execution of a search warrant that also revealed drugs hidden in his bedroom.

U.S.S.G. § 2D1.1(b)(1) requires a two level increase of the offense level if a dangerous weapon, including a firearm, was possessed.  *See* U.S.S.G. § 2D1.1(b)(1). The commentary to Section 2D1.1(b)(1) provides that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment n. 3.  *See United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991) (to meet its burden under Section 2D1.1(b)(1), the Government must show that "the defendant personally possessed the weapon by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.")  Possession of a firearm may be actual or constructive and may be proven by circumstantial evidence.  *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999).  Constructive possession of a firearm can be proven by showing that the defendant had ownership, dominion, or control over the firearm or the premises in which it was concealed or recovered.  *United States v. Houston*, 364 F.3d 243, 248 (5th Cir. 2004).  "Constructive possession need not be exclusive, it may be joint with others. . . ."  *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992).  In joint occupancy cases, constructive possession of a firearm may be established by evidence that the defendant had access to and knowledge of the firearm.  *See United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009); *United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996).

In this case, the gun was located in James' bedroom closet which is sufficient to establish constructive possession.  *United States v. Smith*, 591 F.2d 1105, 1107 (5th Cir. 1979) (holding that a defendant's "dominion and control over his own residence, in which the guns were found, is a sufficient basis for the jury's inference of constructive possession"); *United States v. Millikin*, 136 F.3d 136, 1998 WL 30008, *1 (5th Cir. 1998) (per curiam) (unpublished) (affirming a district court's

finding constructive possession where the government offered evidence that defendant "had knowledge of the weapons in his house, and at least one of the firearms was found next to his bed"). Additionally, because the firearm was found in James' home, and the firearm was loaded, it can inferred that the firearm was there to protect the unlawful activity. *United States v. Martinez*, 808 F.2d 1050, 1057 (5th Cir. 1987).

The Fifth Circuit looks at several factors in determining whether a gun was used in furtherance of drug trafficking: the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, and the time and circumstances under which the gun is found. *United States v. Zamora*, 661 F.3d 200 (5th Cir. 2011); *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000). In this case, the gun was a handgun, was loaded, was accessible, and was possessed in violation of federal law (James is a felon). In addition, there were drugs and drug production equipment at James' apartment.[1] Given these facts, there were no reasonable grounds on which James' counsel could argue that the Government had failed to establish that James used the gun in furtherance of drug trafficking. *See Zamora*, 661 F.3d at 211. James' counsel was not required to raise a frivolous objection to the enhancement for possession of a dangerous weapon under Section 2D1.1(b). *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (*citing Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness. . . .")).

---

[1]Officers found a Pyrex measuring cup near a microwave oven that bore cocaine residue; a digital scale that bore cocaine residue; a glass cooking tray inside the microwave with cocaine residue; and baking soda in a trash can in the kitchen of James' apartment. Additionally, in the bedroom, officers found a clock with a false front, which contained 17g of crack cocaine.

James has failed to show that he was denied the effective assistance of counsel.  His § 2255 Motion to Vacate should therefore be denied.

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Derrick O'Neal James' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 117).

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B).  Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended to February 1, 2010, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  In this case, reasonable jurists could not debate the denial

of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability shall not be issued.

## VI.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of May, 2015.

 

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE